UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PATRICK WAYNE DELLELO,<br><br>                Plaintiff,<br>    v.<br><br>WASHINGTON STATE EMPLOYMENT SECURITY DEPARTMENT,<br><br>                Defendant. | CASE NO. 3:22-cv-05965-RJB<br><br>ORDER |

This matter comes before the Court *sua sponte* on review of the record.  The Court has reviewed the record and is fully advised.

**Review of the Proposed Complaint.**  The Court has carefully reviewed the proposed complaint in this matter.  Because Plaintiff filed this complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt.  *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

Filed on December 13, 2022, this case appears to arise from a dispute regarding unemployment benefits between the Plaintiff and the Washington State Employment Security

ORDER - 1

Department ("Washington State"). Dkt. 1. In his Complaint, the Plaintiff alleges that he applied for unemployment benefits sometime in 2018 and he was wrongfully denied those benefits. *Id*. He maintains that he was harassed and that Washington State has "taken both constitutions from him." *Id*. The Complaint appears to challenge the Washington State's legislature's authority and contends that the "constitution forbids Washington Administrative Codes." *Id*. It alleges that "not to [sic] long ago [the Plaintiff] had to file for unemployment." *Id*. at 4. The Complaint asserts that Washington State is improperly reducing his benefits due to amounts allegedly owed. *Id*. The Plaintiff refers to various constitutional provisions, civil statutes, and criminal statutes, including "United States Constitution Amendment X, XIV, 42 U.S.C. § 1983, 18 U.S.C. [§] 241, and 28 U.S.C. [§] 1331." *Id*. He makes a claim for $4,000,000 in punitive damages, "loss of benefit monies owed," emotional damages, "Defendant attorney(s) be prosecuted," attorneys' fees, and "legal fees." *Id*.

**Standard on Review of a Complaint**. Pursuant to Fed. R. Civ. P. 8 (a):

> **Claim for Relief**. A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

While the pleading standard under Rule 8 "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although pleadings drafted by a party proceeding *pro se* must be read more liberally than pleadings drafted by counsel, a *pro se* litigant is not excused from knowing the most basic pleading requirements. *See American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

**Sua Sponte Dismissal – Standard on Rule 12(b).**  Pursuant to Fed. R. Civ. P. 12(b), a case may be dismissed for "(1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19."

Under Fed. R. Civ. P. 12(b)(1), a complaint must be dismissed if, considering the factual allegations in the light most favorable to the plaintiff, the action:  (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute.  *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal question jurisdiction).  If a claim does not fall squarely within the strict terms of a waiver of sovereign immunity, a district court is without subject matter jurisdiction. *See, e.g.*, *Mundy v. United States*, 983 F.2d 950, 952 (9th Cir. 1993). A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Moreover, a federal court may dismiss a case *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted.  *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief.").  *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to

dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

**12(b)(1) Analysis of Plaintiff's Proposed Complaint - Jurisdiction over Claims for Damages Asserted Against Washington State.** "The Eleventh Amendment has been authoritatively construed to deprive federal courts of jurisdiction over suits by private parties against unconsenting States." *Seven Up Pete Venture v. Schweitzer,* 523 F.3d 948, 953 (9th Cir. 2008).

The Plaintiff's claims for damages against the State of Washington should be dismissed as barred by the Eleventh Amendment. There is no evidence that Washington, its agencies, or officers have consented to such a suit for damages and are, accordingly, immune from suits of this kind brought in federal courts. *Pittman v. Oregon Employment Dept.,* 509 F.3d 1065, 1071 (9th Cir. 2007)(*internal quotations omitted*). Accordingly, this Court does not have jurisdiction over these claims. The Plaintiff makes only claims for damages in this case; no injunctive relief is sought in the Complaint. Plaintiff's claims against Washington State should be dismissed with prejudice as barred by the Eleventh Amendment. State courts may have jurisdiction over this claim.

**12(b)(6) Analysis of Plaintiff's Proposed Complaint -Failure to State a Claim.** The Plaintiff's claims are unclear. Many of his allegations are not plausible. The Plaintiff references a "United States Constitution Amendment X, XIV, 42 U.S.C. § 1983, 18 U.S.C. 241 and 28 U.S.C. 1331." Dkt. 1-1 at 1. Even construing the Complaint liberally, it is unclear what claim the Plaintiff is making. Considering all plausible allegations in the Complaint, the Complaint fails state a claim on which relief can be granted under Rule 12(b)(6).

**Leave to Amend**. Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995).

Plaintiff should be granted leave to file a proposed amended complaint to attempt to state a claim upon which relief can be granted on or before **January 20, 2023**. Plaintiff should <u>clearly</u> comply with Rule 8 in any amended complaint. Failure to do so may result in dismissal of the case.

Accordingly, it is hereby **ORDERED** that:

- The deadline for the Plaintiff to file a proposed amended complaint to attempt to state a claim upon which relief can be granted **IS January 20, 2023**; and
- Failure to do so may result in dismissal of the case.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 20th day of December, 2022.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER - 5